1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8                         **DISTRICT OF NEVADA**
9
10  LEVERN ALLEN,                          )
11                            Plaintiff,   )    Case No. 2:11-cv-00962-PMP-CWH
                                           )
12  vs.                                    )    **ORDER**
                                           )
13  SHAD RUSSELL MATHENY, *et al.*,        )    Application to Proceed *In Forma*
                                           )    *Pauperis* (#1) and Screening of
14                            Defendants.  )    Complaint
                                           )
15  _____
16          This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis*
17  (#1), filed on June 13, 2011.
18                         **BACKGROUND**
19          Plaintiff's complaint states that on March 24, 2010 his home was raided by the Postal
20  Inspection Service led by supervisor Defendant Shad Russell Matheny.  Plaintiff alleges that
21  Matheny had obtained a search warrant to obtain reading and learning software that was allegedly
22  fraudulently ordered online.  Plaintiff alleges that the search warrant affidavit was executed in
23  bad faith, and Matheny and/or Defendant Patrick Hardy knowingly fabricated the amount of the
24  orders.[1]  Plaintiff claims that ICS Merrill hired Defendant Patrick Hardy despite knowing that he
25  was dishonest.[2]
26
27  _____
28      [1]Plaintiff states that he has proof showing that Defendant Hardy lied, but does not attach any evidence in support of
    this assertion.

        [2]ICS Merrill is the investigative services division of Examination Management Services, Inc., a private company.

Plaintiff states that during the raid, his front door was knocked down, and his then-pregnant wife was pushed to the floor.  Plaintiff states that his wife suffered a miscarriage the same day.  Further, Plaintiff alleges that Defendant Postal Agent Dan Brubaker charged at him with a drawn weapon and held it at Plaintiff's temple.  Plaintiff then states that he was handcuffed for a total of seven hours during which Defendant Matheny questioned him.  Plaintiff's complaint states that agents never read Plaintiff *Miranda* warnings, and that when he inquired about his blood pressure medicine and his attorney both requests were denied.

Plaintiff next alleges that Agent Matheny submitted false information to the District Attorney's office that led to charges filed against Plaintiff and his wife.[3]  Plaintiff contends that Agent Matheny continually discusses the case with members of the community and further requests them to falsify legal documents.  Plaintiff alleges that Matheny's slander has defamed his character and damaged his reputation.

Plaintiff brings claims of torture, slander, and defamation of character pursuant to 42 U.S.C. § 1983.

## DISCUSSION

### I.   Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Allen's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is

---

Plaintiff alleges that Defendant Hardy is a private investigator employed by ICS Merrill.

[3]The nature and disposition of the charges are not clear from the complaint.

immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to how to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A.      **Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  Plaintiff alleges a civil rights violation under 42 U.S.C. § 1983.  A claim under this statute invokes the Court's federal jurisdiction.  However, because the Court finds Plaintiff failed to properly bring a claim under section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

3

1

**B.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $300,000.00 in her complaint. However, Plaintiff states that he is a citizen of Nevada, but does not provide the citizenship of Defendants. The diversity jurisdiction statute requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Because it is unclear if Plaintiff and Defendants are citizens of different states, Plaintiff cannot establish diversity jurisdiction.

**C.     Section 1983 Claim**

Plaintiff states that Defendants violated his civil rights under 42 U.S.C. § 1983. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Regarding Defendants Matheny and Brubaker, "by its very terms, § 1983 precludes liability in federal government actors." *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997). Plaintiff's allegations against federal actors would properly be styled as a claim pursuant to *Bivens*. A *Bivens* action is the federal counterpart of a Section 1983 claim. *See Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971). A claim under *Bivens* may be brought by victims of a Fourth Amendment violation by federal officers as well as violations by federal officers of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Bivens*, 403 U.S. at 397; *see also Davis v. Passman*, 422 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). If Plaintiff intends to bring this kind of claim, he should state what constitutional rights were violated and allege specific facts in support of the claim.

Plaintiff brings a Section 1983 claim against Defendant Hardy, an employee of a private

4

company.  A claim under Section 1983 requires a state action.  Plaintiff alleges that Defendant Hardy acted with federal employees in order to instigate a false investigation against Plaintiff.  Thus, Section 1983 does not apply and Plaintiff's claim against Defendant Hardy does not allow for any relief.  If Plaintiff intended to bring a claim against Defendant Hardy for contracting with a federal entity and subsequently violating Plaintiff's constitutional rights, he will need to do so under *Bivens*.  A *Bivens* action may be available against Defendant Hardy unless there is another remedy available against the private employee.  *See Walker v. United States,* No. 1:02-cv-05801-AWI-LJO-P, 2007 WL 1577687, at *2 (E.D. Cal. May 31, 2007).  Plaintiff should allege what facts he believes constitutes a *Bivens* claim, including what constitutional rights Defendant Hardy violated.

Plaintiff states that Defendants Matheny and Brubaker are liable for false arrest.  "In order to prove false arrest, a plaintiff must show the defendant instigated or effected an unlawful arrest."  *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).  This claim is governed by state law.  At this time, Plaintiff has failed to invoke this Court's jurisdiction and thus, the Court may not hear Plaintiff's supplemental state law claims.

Plaintiff's pled claim of defamation against Defendant Matheny and Defendant Hardy is likewise governed by state law.[4]  Plaintiff has not otherwise established that this Court has subject matter jurisdiction.  If Plaintiff can allege facts sufficient to establish subject matter jurisdiction, either through complete diversity or federal question jurisdiction, the Court can then hear Plaintiff's defamation and false arrest claims through the exercise of supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367.

Plaintiff summarily alleges a claim for torture against Defendants Matheny and Brubaker.  There is no civil cause of action for torture under Nevada law.  While these facts may constitute other state law claims, Plaintiff's complaint as alleged does not state a claim upon which relief can be granted.

---

[4]Plaintiff brings claims of both defamation and slander.  However, slander is merely defamation that is an oral statement. *See Nevada Indep. Broadcasting Corp. v. Allen*, 99 Nev. 404, 409 (Nev. 1983).

1       Plaintiff further named "ICS Merrill" as a defendant in this action.  Plaintiff alleges that

2  the company assisted Postal Service inspectors in instigating a false investigation of Plaintiff that

3  led to criminal charges.  A private entity may be liable under Section 1983 if the Court

4  determines that its conduct constitutes a state action.  *Perez-Morciglio v. Las Vegas Metropolitan*

5  *Police Dept.*, 2011 WL 5042029, at *4 (D. Nev. Oct. 25, 2011).  Again, Plaintiff's complaint

6  alleges that ICS Merrill violated his rights by aiding federal employees in an investigation.  This

7  is not conduct that would constitute state action.  Thus, Plaintiff's complaint does not allege a

8  claim upon which relief can be granted against this Defendant.

9       Plaintiff also specifically mentions the company's owner.  Plaintiff alleges that the owner

10  hired Defendant Hardy despite knowing that he was dishonest.  Section 1983 is inapplicable

11  against the owner of ICS Merrill since Plaintiff does not allege any state action.  Plaintiff's

12  complaint could be construed as alleging that the owner is liable for negligent hiring, or even

13  vicariously liable for Defendant Hardy's state tort actions.  If Plaintiff intended to bring these

14  claims against the owner of ICS Merrill, he will need to allege specific facts that constitute such

15  claims.

16       Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.

17  The Court will grant Plaintiff leave to amend his Complaint in accordance with the above

18  discussion.  Accordingly,

19       **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*

20  (#3) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty

21  dollars ($350.00).

22       **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this

23  action to conclusion without the necessity of prepayment of any additional fees or costs or the

24  giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not

25  extend to the issuance of subpoenas at government expense.

26       **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint

27  (#1-1).

28       **IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for

failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in the Court recommending dismissal of this action.

DATED this 1st day of February, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

7